LUCIUS THOMPSON *vs.* THE LOWELL MACHINE SHOP.

The provision, in the Rev. Sts. *c.* 109, § 41, where a trustee answers anew to a *scire facias* against him, that, "Upon the whole matter appearing upon such examination and trial, the court shall render such judgment, as law and justice shall require," extends as well to the costs, as to the charging or discharging of the trustee; and where a trustee, on such examination, was discharged by reason of a mistake, wholly attributable to himself, in his answer to the original suit, he was adjudged to pay costs to the plaintiff, and to recover none for himself.

SHAW, C. J.    This is a writ of *scire facias* commenced in the police court of Lowell, against the defendants, on a judgment recovered in that court, against John Brooks as principal, and the defendants as his trustees.

In the original suit, the defendants appeared and answered, and by their answer charged themselves as the debtors of Brooks, in a sum not precisely stated, but about $20.   By the return of the execution, it appears that they paid thereon $11.    And now on this *scire facias,* the defendants were permitted to file an additional answer, by which they stated, that by mistake they had omitted, in their former answer, to disclose an order, by which $9 of the sum so due from them to the principal debtor had been transferred to one Fisher, before the service of the trustee process on them, of which they had no notice.   Deducting the $9 from the sum admitted in their original answer, it appears, that the defendants have paid over on the execution the amount in their hands.   No terms were imposed as a condition, on which the defendants were permitted to file an additional answer on *scire facias.*

Upon this answer the trustees were discharged, and the court adjudged that the plaintiff should recover costs of the defendants, and that the defendants should recover no costs.

From this judgment the defendants appealed to the court of common pleas, and from the judgment of that court to this.

By the old statute of 1794, *c.* 65, § 6, a trustee, who had answered on oath in the original suit, could not make any further answer on *scire facias.* This often proved a great hardship on a trustee, who had made any mistake in his answer, or whose relations with the principal defendant had been varied by matter subsequent.

To avoid this inconvenience, and the injustice which the former statute would occasionally work, a different provision was adopted by the Rev. Sts. *c.* 109, § 41, which provides, that on *scire facias,* if the trustee had been examined in the original suit, the court might require or permit him to be examined anew. But this might afford the defendant a ground of discharge in a case, where, at the commencement of the *scire facias,* the plaintiff had a good cause for proceeding, on the former answer; it was therefore further provided, in this, and some other cases enumerated in the same section, that the court, upon the whole matter, should render such judgment as law and justice might require. Such judgment may extend not only to charging or discharging the trustee, but also to the costs; and the statute makes the costs depend on the justice as well as the law of the case, according to the circumstances. Cases may easily be imagined, where, upon the new matter disclosed, the defendant would not be subject to costs, but entitled to costs; as if it should appear that the trustee had been led into any mistake in his original answer, by the default or misconduct of the plaintiff himself, by fraudulent conduct or suppression of truth. We think, therefore, that this statute was not intended to make the costs depend upon the fact of the trustee being charged or discharged, by an inflexible rule, but to depend upon a full view of the equities, and the justice of the case.

In applying this rule, we have no hesitation in affirming the former judgment in this case. The plaintiff, when he sued out his writ of *scire facias,* had a good right to bring it and recover $9, as a sum acknowledged to be in the hands of the trustee, and appearing, by the return of the officer, not to be

paid over. By a mistake of the defendants, to which the plaintiff in no degree contributed, the defendants had failed to deduct the $9, and upon disclosing this on their new answer, they were rightfully discharged. But the result, being attributable wholly to the defendants, and not in any respect to the plaintiffs, requires that the former should bear the loss occasioned by it.

It is stated here, that payment of costs was not prescribed as a condition of receiving the amended answer. We think the authority of the court is not limited to that mode. In the cases of *Bickford* v. *Boston & Lowell Railroad Corp.* 21 Pick. 109, and *Burnside* v. *Newton*, 1 Met. 426, it was so ordered, and we think very properly, under the circumstances But we think that the Rev. Sts. *c.* 109, § 41, may make the judgment, in regard to costs, depend on the facts disclosed by the answer; and the judgment founded on these facts, it is obvious, cannot be passed till after the answer is made by which they are disclosed.

*Judgment of court of common pleas affirmed*

*Jonathan Ladd*, for the plaintiff.

*H. G. O. Corliss*, for the defendant.